**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 11-50445 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00973-CAS-1 |
| v. | |
| **RENE LEONARD REBOLLO, Jr.,** **a.k.a., Rene Leonard Rebollo,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted January 9, 2013
Pasadena, California

Before: **KOZINSKI**, Chief Judge, **MCKEOWN** and **M. SMITH**, Circuit
Judges.

**1.** Defendant Rene Rebollo claims there wasn't a sufficient evidentiary basis

for the district court's restitution order. But the Presentence Investigation Report

(PSR) provided that basis. It found that defendant's actions resulted in a loss of

---

[*] This disposition isn't appropriate for publication and isn't precedent
except as provided by 9th Cir. R. 36-3.

"$1.2 million for the cost of mailing notices to potentially affected customers." Prior to the sentencing hearing, defendant objected in writing to the use of the $1.2-million figure in calculating the Guidelines sentence, but he did so on the grounds that it wasn't "reasonably foreseeable" that such costs would be incurred as a result of the crime, not on the ground that there was insufficient evidence documenting the cost expended on notifying customers.  When he objected to the PSR's findings about restitution, as opposed to sentencing, it was on the grounds that the conviction didn't fall within the restitution statute and that neither Countrywide nor Bank of America qualified as a victim.  Indeed, in his written objection to parts of the PSR, defendant twice acknowledged $1.2 million as the amount spent notifying customers.  Because defendant failed to properly object to the PSR's finding that $1.2 million was expended on notifying customers, the PSR provided a sufficient basis for the district court's restitution order.  United States v. Ameline, 409 F.3d 1073, 1085 (9th Cir. 2005) (en banc) ("Of course, the district court may rely on undisputed statements in the PSR at sentencing.").

2.  Defendant claims Bank of America can't qualify as a victim under the Mandatory Victims Restitution Act because he stole the data from Countrywide, not Bank of America.  This claim fails because Bank of America purchased

Countrywide prior to the expenditure of $1.2 million on notifying customers. Defendant also claims that Bank of America knew of the theft prior to its purchase of Countrywide and, as a result, the purchase "severed the harm suffered by Countrywide." But defendant admits that Countrywide became a wholly-owned subsidiary of Bank of America before he confessed to the crime and before he was charged, so this claim fails. Even if Bank of America had learned of the theft <u>prior</u> to the purchase, it was entitled to expect to recover restitution from defendant, so the claim that the theft was factored into the purchase price also fails.

**3.** Finally, defendant asks us to overrule our precedents holding that <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466 (2000), and its progeny don't apply to restitution. We decline that invitation, even in light of the Supreme Court's recent decision in <u>Southern Union Co.</u> v. <u>United States</u>, 132 S. Ct. 2344 (2012). <u>Southern Union</u> addressed <u>Apprendi</u>'s application to criminal fines and isn't sufficiently on point to overrule our restitution caselaw without going en banc.

**AFFIRMED.**